IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET SALAZAR,

       Plaintiff,

v.                                          CV 19-0642 MV/JHR

SANDRA GARDNER, et al.,

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court *sua sponte*. Ms. Salazar initiated this action by filing her Complaint on July 16, 2019. [*See* Doc. 1]. Defendant Trujillo has been served and has answered, but no other Defendant has been served because Ms. Salazar has not provided their addresses, despite an opportunity to do so. [*See* Docs. 11, 15, 16, 19, 20, 21, 22, 24]. Citing the provisions of Rule 4(m), the Court adopted Magistrate Judge Ritter's recommendation and dismissed Defendant Mares from this case without prejudice on September 9, 2020. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Despite the dismissal of Defendant Mares, and excluding Defendant Trujillo, Ms. Salazar failed to provide additional service information for Defendants Gardner, Oaks, Romero, or Diaz. While the Court might grant Ms. Salazar an additional opportunity to provide Defendants' addresses were she to ask for one, as noted by Magistrate Judge Ritter in his most recent Order to Show Cause (entered January 25, 2021), mail delivered to Ms. Salazar has been returned to the Court Clerk's office as undeliverable, [Docs. 26, 27], and Magistrate Judge Ritter's Order to Show Cause itself was also returned as

undeliverable on February 1, 2021. [Doc. 28].

As Magistrate Judge Ritter mentioned in his second Order to Show Cause, Local Rule 83.6 requires parties to notify the Court of changes of address. *See* D.N.M.LR-Civ. 83.6. Additionally, no action has been taken to move this case forward by Ms. Salazar since July 2020, when she responded to Magistrate Judge Ritter's first Order to Show Cause. [Doc. 15]. This alone subjects Ms. Salazar's case to dismissal under Local Rule 41.1 and Federal Rule 41(b). *See* D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."); *see also* Fed. R. Civ. P. 41(b) (providing for *sua sponte* dismissal for failure to prosecute or comply with the federal rules or a court order.); *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).[1]

The Court must apply the Federal Rules of Civil Procedure fairly, and Ms. Salazar's failure to meaningfully participate in these proceedings since July 2020 must be weighed against Defendants' right to the expedient resolution of claims brought against them. Having considered its obligations to the parties, the Court will dismiss all unserved Defendants without prejudice under Rule 4(m) and will dismiss Ms. Salazar's claims against Defendant Trujillo without prejudice pursuant to Rule 41(b) and Local Rule 41.1.

SO ORDERED.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Dismissals under Rule 41(b) may be with prejudice or without prejudice. *Davis*, 571 F.3d at 1060 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007)). However, the Tenth Circuit has long recognized "that dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." *Id.* at 1061.